**MASON v. ROYAL INDEMNITY CO.**

No. 2143.

District Court, N. D. Georgia, Atlanta Division.

March 1, 1940.

George & John L. Westmoreland, of Atlanta, Ga., for plaintiff.

W. Neal Baird and Neely, Marshall & Greene, all of Atlanta, Ga., for defendant.

UNDERWOOD, District Judge.

Defendant's motion to dismiss came on regularly to be heard and was argued by counsel.

The ground for dismissal urged by defendant is in substance that the suit should be dismissed because brought by plaintiff, who is the real party in interest, instead of by the insured under the policy in question, for the use of plaintiff.

A Georgia statute provides that, "As a general rule, the action on a contract, whether express or implied, or whether by parol or under seal, or of record, shall be brought in the name of the party in whom the legal interest in such contract is vested, and against the party who made it in person or by agent." Georgia Code 1933, § 3-108.

Rule 17(a) of Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides, "Every action shall be prosecuted in the name of the real party in interest; but * * * a party with whom or in whose name a contract has been made for the benefit of another, * * * may sue in his own name without joining with him the party for whose benefit the action is brought."

The policy of insurance which forms the basis of this suit expressly provides that, "Any person or his legal representative who has secured such judgment or written agreement shall thereafter be entitled to recover under the terms of this

policy in the same manner and to the same extent as the insured."

In whatever name the suit may be brought, plaintiff is the party who will receive the proceeds of any recovery. On this motion, therefore, the contest is over the shadow and not the substance, and is not particularly significant or interesting.

Being of opinion that the matter is procedural and not substantive, Rule 17 (a) of Rules of Civil Procedure is followed and the motion is overruled.